WATTS v. SNODGRASS.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 7, 1912. Rehearing Denied Jan. 18, 1913.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERROR—STATEMENTS.

A statement under an assignment of error complaining of the overruling of special exceptions to plaintiff's pleadings, which does not indicate what the pleadings excepted to were, nor what the exceptions were, nor that the court made any ruling on any exceptions, but which states facts foreign to the assignment, is improper, and the assignment will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. APPEAL AND ERROR (§ 1040*)—RULINGS ON PLEADINGS—HARMLESS ERROR.

Where a petition alleged a proper conveyance of land, and the court's findings supported the allegations, the error, if any, in overruling exceptions to the petition on the ground that the conveyance as alleged passed no title was not prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

3. HUSBAND AND WIFE (§ 267*)—COMMUNITY PROPERTY—CONVEYANCE—VALIDITY.

A conveyance by a husband alone of community property passes title.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 896, 929–938; Dec. Dig. § 267.*]

4. VENDOR AND PURCHASER (§ 281*)—VENDOR'S LIEN NOTE—ACTIONS—PRIMA FACIE CASE.

In an action to foreclose a vendor's lien note brought by a transferee of the note before maturity, the note introduced in evidence, and proof of the contemporaneous execution of the conveyance, and of a transfer of the note before maturity for a valuable consideration, established a prima facie case for the transferee.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 792–794; Dec. Dig. § 281.*]

Appeal from District Court, Johnson County; O. L. Lockett, Judge.

Action by Fred A. Snodgrass against W. E. Watts. From a judgment for plaintiff, defendant appeals. Affirmed.

W. B. Harrell, of Cleburne, for appellant. Goldsmith & Warren, of Cleburne, for appellee.

SPEER, J. This is an appeal by W. E. Watts from an adverse judgment in the district court of Johnson county in an action wherein Fred A. Snodgrass sued to recover upon a vendor's lien note and to foreclose. The principal defense was that the consideration of the note had failed in that no title to the land for which it was given passed at the time of the execution of the note, but had only been vested in the defendant by a deed subsequently executed upon the express understanding that the note should be extended to June 1, 1911; this suit having been filed prior thereto.

There was a trial before the court, who made the following findings of fact which were authorized by the evidence and which we adopt, namely: "The court finds as a fact that on the 2d day of August, 1909, that W. B. Moore sold and delivered to W. E. Watts the property described in plaintiff's petition, and on said day the said W. E. Watts, as a part of the purchase money for said property, executed and delivered to the said W. B. Moore the note for the sum of $420 sued upon by the plaintiff; that on said date the said W. B. Moore executed and delivered to the said W. E. Watts a good and sufficient warranty deed to said property; that on said date the said W. E. Watts requested W. B. Moore to take said deed home with him to Custer county, Okl., and get his wife, Carrie C. Moore, to sign and acknowledge the same; that the said W. B.

Moore took said deed with him to Custer county, Okl., where he then resided and had a home, and had his wife, Carrie C. Moore, to sign and acknowledge the said deed to the said Watts, and returned the same to W. E. Watts, through the mail, to Cleburne, Tex., where Watts resided; that Watts returned the deed to Moore in Oklahoma on account of some defect in Moore's wife's acknowledgment, and that Moore and wife reacknowledged said deed in· accordance with the laws of the state of Texas and mailed the same through the United States mail to W. E. Watts at Cleburne, Tex., but that said deed was lost in the mail and Watts never received the same; that, at the request of the said Watts, W. B. Moore and wife executed another deed to said property to the said Watts in lieu of the one that was lost, and delivered the same to the said W. E. Watts; that Watts returned this deed and asked that some change be made in the manner of stating the consideration; that Moore and wife then ·signed and acknowledged another deed to the said property to said Watts; that in all the said Moore and wife signed and acknowledged and delivered to the said Watts, or mailed the same to the said Watts at Cleburne, Tex., through the United States mail, four different deeds between August 2, 1909, and January 20, 1911; and that the deed from Moore and wife to said property to the said W. E. Watts, of date January 20, 1911, is duly recorded in the deed records of Johnson county, Tex. The court further finds, as matter of fact, that the note sued upon was due December 19, 1910. The court finds that, before the maturity of said note for a valuable consideration of September 29, 1909, W. B. Moore and wife, Carrie Moore, by an instrument in writing duly signed and acknowledged by them and· recorded in the deed records of Johnson county, Tex., October 18, 1909, transferred and assigned the note sued upon to W. H. Coleman and wife, Maggie E. Coleman, of Custer county, Okl. The court further finds that on December 31, 1910, W. H. Coleman and wife, Maggie Coleman, for a valuable consideration transferred and assigned the note sued upon to the plaintiff, Fred A. Snodgrass, who then resided in Custer county, Okl., for a valuable consideration, by an instrument of writing duly signed and acknowledged by· them and duly filed and recorded in deed records of Johnson county, Tex., January 9, 1911. The court further finds, as a matter of fact, that on the date of the sale of the said property by the said W. B. Moore to W. E. Watts, to wit, August 2, 1909, the said Watts entered upon and took possession of said property, and that the said Moore delivered the possession of said property to the said Watts, and that from said date the said Watts managed and controlled said property and exercised ownership over the same and received the rents and revenues therefrom and in all respects treated the property as his own; that the note sued upon was due December 19, 1910, and is still due and unpaid, principal, interest, and attorney's fees, in the sum of $579.90; that the said Watts is due to the plaintiff, on the date of the trial of this cause, the sum of $579.90, for which judgment was rendered against the said W. E. Watts, defendant, and in favor of the plaintiff, Fred A. Snodgrass. The court further finds, as a matter of fact, that the defendant, W. E. Watts, had no just cause of action against the plaintiff on his cross-bill and should not recover on same."

[1] The first and second assignments complain of the court's action in overruling certain special exceptions to the plaintiff's pleadings. The statement contained under these assignments, however, does not indicate what the pleadings excepted to were, not, what the exceptions were, nor indeed that the court made any ruling whatever on any exceptions. The fact stated, in such statements, to the effect that the property attempted to be conveyed was the separate property of Mrs. Moore, one of the grantors in the conveyance to appellant, and that therefore her husband's deed passed no title, is wholly foreign to the assignment under consideration, for at all events appellee's petition did not disclose her· separate ownership of the property.

[2] His pleadings do allege a proper conveyance of the lot, and the court's findings support this allegation, so that at all events the rulings complained of could not have harmed appellant.

[3] This finding of the court implies (if necessary) that the property was community property of Moore and wife, and that therefore the first deed executed by Moore alone was sufficient to convey the title. As before stated, the evidence in the record justifies such a finding.·

[4] While there is no express finding that appellee did not enter into the contract of extention with Moore, pleaded by appellant, yet we think the evidence is sufficient to support the judgment, based upon an· implied finding to that effect, if such were necessary. The note introduced in evidence, along with the proof of the deed executed contemporaneously therewith, together with proper proof of transfer from the payee to appellee before maturity for a valuable consideration, makes a prima facie case in his favor, and the letters written by him to Moore do not require the conclusion that he ever agreed to a definite extention of the note, even if his· agreement with Moore could be held to operate in favor of appellant.

The above findings support the trial court's· conclusions of law in favor of appellee upon all the issues involved, and the judgment is. therefore affirmed.

Affirmed.